**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 2:16-CV-14455-ROSENBERG/LYNCH**

JEAN L. RIPPLE,

    Plaintiff,

v.

DAVOL, INC. & C.R. BARD, INC.,

    Defendants.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

This cause is before the Court on Defendants' Motion to Dismiss [DE 19]. The motion has been fully briefed. For the reasons set forth below, the Motion is granted in part and denied in part.

Plaintiff initiated this suit on October 19, 2016. Although Plaintiff brought several counts against Defendants, the gravamen of Plaintiff's complaint was that Defendants manufactured a defective, unsafe product (a medical device) that injured Plaintiff. Defendants filed a motion to dismiss. In response, Plaintiff amended her complaint. Plaintiff's Amended Complaint contains the following counts: Negligence (Count I), Strict Liability (Count II), Failure to Warn (Count III), Intentional Infliction of Emotional Distress (Count IV), Negligent Infliction of Emotional Distress (Count V), Breach of Implied Warranty (Count VI), Negligent Misrepresentation (Count VII), and Fraud (Count VIII). Defendants filed a second motion to dismiss targeted at Plaintiff's Amended Complaint and that is the motion presently before the Court.

Defendants argue that Plaintiff's Amended Complaint should be dismissed on several different grounds. Defendants' arguments may be grouped into the following categories: (1) Plaintiff's Amended Complaint does not generally conform to federal pleading standards, (2) Plaintiff fails to state a claim for strict products liability and negligence, (3) Plaintiff fails to state a claim for failure to warn, (4) Plaintiff fails to state a claim for infliction of emotional distress, (5) Plaintiff fails to state a claim for breach of warranty, and (6) Plaintiff fails to meet the heightened pleading requirements for fraud and negligent misrepresentation. Each argument is addressed in turn.

1. **Federal Pleading Standards**

Defendants argue generally that Plaintiff's Amended Complaint does not conform to federal pleading requirements because the Amended Complaint does not contain enough factual detail. The Court disagrees—Plaintiff's thirty-nine page complaint contains enough factual detail that, viewing all inferences in Plaintiff's favor, the complaint complies with the requirements of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). On this issue, Defendants argue that Plaintiff has not sufficiently alleged a product defect and that a defect proximately caused injuries to Plaintiff. The Court rejects this argument because, viewing all inferences in Plaintiff's favor, Plaintiff has properly alleged a defect in the product manufactured by Defendants which proximately caused her injuries. Plaintiff alleges, for example:

> The Bard CK Hernia Patch, including the Bard CK Patch implanted in Plaintiff, presents and constitutes an unreasonable risk of danger and injury in the following respects:
>
> > a. it may malfunction after being implanted;

2

> b. the rigid plastic ring may break;
>
> c. in response to body forces the Bard CK Patch may distort, buckle or warp;
>
> d. it was not properly manufactured;
>
> e. the Bard CK Patch was defectively designed;
>
> f. oxidation and degradation of the Bard CK Patch components could cause a chronic inflammatory response;
>
> g. the Bard CK Patch did not perform as safely as an ordinary consumer/patient would expect;
>
> h. the Bard CK Patch was inadequate or insufficient to maintain its integrity during normal use after implantation in the consumer/patient; and
>
> i. such further and additional defects as discovery and the evidence reveal.
>
> . . .
>
> The inclusion of a rigid plastic ring with an insufficient weld joint in the Medium Oval Bard CK Patch implanted in Miss Ripple is a design defect.
>
> The inclusion of a rigid PET plastic ring in the Medium Oval Bard CK Patch implanted in Ms. Ripple is a design defect.

DE 14 ¶¶ 9, 111-112. To the extent that Plaintiff is unable to precisely allege the defect in the product, this is unsurprising given "it is difficult for a plaintiff at this stage in the litigation to know the source of the defect that was responsible for the harm caused: whether there was a surprising manufacturing problem, a systemic issue with a product in its design, or a failure on the part of the manufacturer to warn." *Brandt v. Depuy Orthopaedics, Inc.*, No. 6:10-cv-306-ORL, 2010 WL 2612037, at *5 (M.D. Fla. June 28, 2010) (quoting *Bailey v. Janssen Pharm.*, 288 F. App'x 597, 605-06 (11th Cir. 2008)). Defendants' ability to formulate an answer to Plaintiff's allegations must also be viewed in light of the fact that Defendants have

3

already defended the product at issue in this case from hundreds of plaintiffs in a related MDL case, *In re Kugel Mesh Hernia Patch Products Liability Litigation*, case number 07-1842, in the District of Rhode Island, which has been in litigation since June 28, 2007. *See also Krywokulski v. Ethicon, Inc.*, No. 8:09-CV-980, 2010 WL 326166, at *3 (M.D. Fla. Jan. 21, 2010) ("Plaintiff's allegation of a defect alone is sufficient, as mere knowledge of a defect gives defendant enough notice to produce a proper response which may include discussion of a manufacturing or design based defect."). For all of the foregoing reasons, the Court rejects Defendants' general argument that Plaintiff's Amended Complaint does not conform to federal pleading standards and Defendants' more specific argument that Plaintiff has failed to allege a defect or a proximately-caused injury.

### 2. Strict Products Liability and Negligence

Defendants also argue that Plaintiff's complaint fails to state a claim for strict products liability and negligence under Florida law because Plaintiff has failed to allege a defect and Plaintiff has failed to allege any defect proximately caused her injury. The Court has addressed this argument above and for all of the reasons previously stated the Court disagrees—Plaintiff has adequately alleged both a defect and injuries that were proximately caused by that defect. On page nine of Plaintiff's response to Defendants' motion to dismiss, Plaintiff lists with specificity over thirty paragraphs in the Amended Complaint relevant to (and sufficient for) the elements for negligence and strict products liability. To the extent Plaintiff is unable to state certain factual components of her claim with great specificity, that is understandable at the pleading stage and may be properly addressed in discovery. Plaintiff's Count I (Negligence) and Count II (Strict Liability) survive.

### 3. Failure to Warn

Defendants argue that Plaintiff's failure to warn claim, Count III, should be dismissed because "if the manufacturer [of a prescription medical device] properly warns the physician regarding the known risks . . . the manufacturer's duty to warn the consumer is discharged." *Dimieri v. Medics Pharm. Corp.*, No. 2:14-CV-176, 2014 WL 3417364, at *2 (M.D. Fla. July 14, 2014). Defendants' contention ignores the real substance of Plaintiff's Amended Complaint. Plaintiff has alleged not only that she personally was not warned, but also that "her physician did not know at the time of use of the Bard CK patch, or at any time prior thereto, of the existence of the defects in the Bard CK Patch identified [in the Amended Complaint], or *receive adequate warning of the defects*—including the inadequacies of the Instructions for the Use included with the product." DE 14 at ¶ 132 (emphasis added). Additionally, Defendants' argument is premature. The warnings that Defendants may have given to Plaintiff's physician is a fact-intensive affirmative defense which should not be resolved pursuant to a motion to dismiss. *See MacMorris v. Wyeth, Inc.*, No. 2:04-CV-596, 2005 WL 1528626, at *3 (M.D. Fla. June 27, 2005). For the purposes of the instant Motion, Plaintiff's allegations of Defendants' failure to warn (both her and her physician) are more than sufficient. *See* DE 14 at ¶¶ 121-125. Plaintiff's Count III survives.

### 4. Infliction of Emotional Distress

For a plaintiff to state a claim for infliction of emotional distress, regardless of whether the infliction was intentional or negligent, a plaintiff must allege "conduct so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."

*Saaidi v. Maroun*, No. 8:08-CV-1976, 2008 WL 4194824, at *4 (M.D. Fla. Sept. 9, 2008) (quoting *Rapp v. Jews for Jesus, Inc.*, 944 So. 2d 460, 466 (Fla. Dist. Ct. App. 2006)). Defendants argue that the Amended Complaint does not even approximate this high standard.

In response, Plaintiff does not cite to a specific allegation in the Amended Complaint. Instead, Plaintiff argues generally that "Defendants willfully and knowingly introduced a medical device repair product into the stream of commerce failing to adequately and safely design said product." DE 22 at 14-15. Thus, Plaintiff's contention is essentially that because the product was not properly tested or properly designed, Defendants' actions were "beyond all bounds of decency" and "utterly intolerable in a civilized community." Cases that have found conduct that qualifies under the foregoing standard, however, stand in stark contrast to the instant case. *See Vernon v. Med. Mgmt. Assocs. of Margate, Inc.*, 912 F. Supp. 1549, 1561 (S.D. Fla. 1996) (repeatedly touching, squeezing, fondling, hugging, blowing, and tickling the plaintiff along with the repetition of lewd and vulgar sexual remarks); *Stockett v. Tolin*, 791 F. Supp. 1536, 1556 (S.D. Fla. 1992) (plaintiff was pinned against the wall, refused to allow to escape, and physically attacked on a weekly basis); *Johnson v. Thigpen*, 788 So. 2d 410, 414 (Fla. Dist. Ct. App. 2001) (sexually explicit, demeaning, and vulgar language coupled with evidence of inappropriate, unwelcomed physical contact); *Urquiola v. Linen Supermarket, Inc.*, No. 94-14-CIV-ORL-19, 1995 WL 266582, at *4 (M.D. Fla. Mar. 23, 1995) (numerous incidents of kissing, groping, attempted rape, and use of sexually explicit, demeaning, and vulgar language); *Nims v. Harrison*, 768 So. 2d 1198, 1201 (Fla. Dist. Ct. App. 2000) (threats to kill plaintiff and rape her children); *but see Howry v. Nisus, Inc.*, 910 F. Supp. 576, 580-81 (M.D. Fla. 1995) (employer's action of physically touching himself and

employees in a suggestive manner, using obscene language, and commenting on sex organs was insufficient under Florida law to state a claim for intentional infliction of emotional distress); *U.S. ex rel. Crenshaw v. Degayner*, 622 F. Supp. 2d 1258, 1280-84 (M.D. Fla. 2008) (letters referring to plaintiff as a "low-down nasty Nigger," "whore," and "slut," together with a sign saying that plaintiff's books were "targeted for the adult bestiality reader" did not state a claim for infliction of emotional distress).

Here, the obvious ramifications of Plaintiff's position—which does not rely upon a specific allegation—is that any manufacturer who is liable for strict products liability or negligence is also liable for the infliction of emotional distress upon those damaged by the product. But that is not the law. There are only "a very limited set of cases in which courts [have] recognized conduct as sufficiently egregious to support a claim of [infliction of emotional distress]." *Crenshaw*, 622 F. Supp. 2d at 1280-84. Cases stating a claim of infliction of emotional distress involve some level of physical contact or severely threatening behavior—neither of which is present in this case. *Id.* at 1283. What is present in this case is ordinary strict products liability and negligence—neither of which meets the high standard for infliction of emotional distress. Plaintiff has failed to cite to any case law supporting a claim for infliction of emotional distress based on the facts of this case. For all of the reasons set forth above, Plaintiff's claims for intentional infliction for emotional distress and negligent infliction of emotional distress—Count IV and Count V—are dismissed. Because Plaintiff has already had a chance to amend her complaint, because the amended pleadings deadline of April 16, 2017 has passed in this case, and because Plaintiff's opportunity to amend was *after*

Plaintiff was on notice of Defendants' arguments on the issue of infliction of emotional distress,[1] the Court's dismissal of these claims is with prejudice.

### 5. Breach of Warranty

Defendants argue that Plaintiff has failed to state a claim for breach of warranty because such a claim requires privity between the plaintiff and defendant. *E.g.*, *T.W.M. v. Am. Med. Sys., Inc.*, 886 F. Supp. 842, 844 (N.D. Fla. 1995) ("Privity is required in order to recover damages from the seller of a product for breach of express or implied warranties." (quoting *Intergraph Corp. v. Stearman*, 555 So. 2d 1282, 1283 (Fla. Dist. Ct. App. 1990)). Plaintiff's Amended Complaint contains no allegations of privity. Instead, the only plausible inference that may be gleaned from the Amended Complaint is that (i) privity existed between Defendants and a hospital that Plaintiff utilized and (ii) the cost of the hospital's purchase of the product was passed on to Plaintiff. *See* DE 14 ¶ 150 ("Consent forms provided prior to surgery indicated that she was ultimately responsible for the payment of any services and materials provided during the surgery and her recovery."). That allegation does not establish privity under Florida law: "A plaintiff who purchases a product but does not buy it directly from the defendant, is not in privity with the defendant." *T.W.M.*, 886 F. Supp. at 844. Plaintiff's breach of warranty claim, Count VI, is therefore dismissed. This dismissal is with prejudice for all of the reasons set forth above.[2]

---

[1] *See* DE 11 at 12-15.
[2] *See* DE 11 at 15-17 (wherein Defendants raised the same arguments against Plaintiff's prior breach of warranty claim).

### 6. Negligent Misrepresentation and Fraud

Defendants' final argument challenges Plaintiff's claims for negligent misrepresentation and fraud—Count VII and Count VIII. Fraud and negligent misrepresentation claims are subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b) which requires a complaint "to state with particularity the circumstances constituting fraud." *Gallant v. Ortho-McNeil-Jannsen Pharm., Inc.*, No. 2:14-CV-263, 2014 WL 4682752, at *2 (M.D. Fla. Sept. 19, 2014); *see also Chapman v. Abbott Labs.*, 930 F. Supp. 2d 1321, 1324 (M.D. Fla. 2013) ("This heightened pleading requirement applies to actions for negligent misrepresentation brought pursuant to Florida law."). "Particularity means that a plaintiff must plead facts as to time, place, and substance of the defendant's alleged fraud, specifically the details of the defendant's allegedly fraudulent acts, when they occurred, and who engaged in them." *Gallant*, 2014 WL 4682752, at *2. Moreover, in a medical device claim, such as this one, when a plaintiff does "not allege knowledge of the representations made to the physician and fail[s] to allege evidence of any direct advertising from Defendant to the ultimate consumer, the learned intermediary doctrine bars th[e] claim." *Dimieri*, 2014 WL 3417364, at *7.

Here, Plaintiff has not pled fraud or negligent misrepresentation with particularity. Plaintiff does not allege specifically what Defendants misrepresented or omitted, where they made such misrepresentations, or when those misrepresentations were made. In response to Defendants' arguments on this matter, Plaintiff does not rely or cite any specific allegation in her Amended Complaint and instead relies upon general statements concerning the general content of her allegations. *See* DE 22 at 17. Plaintiff's Count VII and Count VIII therefore do

not meet the heightened pleading standard of Rule 9(b) and those counts are therefore dismissed with prejudice for all of the reasons set forth above.[3]

It is therefore **ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss [DE 19] is **GRANTED IN PART AND DENIED IN PART** insofar as Plaintiff's Count I, Count II, and Count III **SURVIVE** and Defendants' Motion to Dismiss is **DENIED** as to those counts. Plaintiff's Count IV, Count V, Count VI, Count VII, and Count VIII are **DISMISSED WITH PREJUDICE**.

**DONE and ORDERED** in Chambers, Fort Pierce, Florida, this 31st day of May, 2017.

                                                              ROBIN L. ROSENBERG
Copies furnished to Counsel of Record        UNITED STATES DISTRICT JUDGE

---

[3] *See* DE 11 at 17-19 (wherein Defendants raised the same arguments against Plaintiff's prior fraud and misrepresentation claims).